Filomena Drtina and Rosie Drtina, by Filomena Drtina, Appellees, v. Charles Tea Company, Appellant.

## Gen. No. 22,675.

1. JUDGMENT, § 669*—*when evidence sufficient to show jurisdiction of foreign court.* In an action upon a judgment of the State of Indiana on an award of the Indiana Industrial Board under the Workmen's Compensation Law of that State, jurisdiction of the court rendering such judgment over the defendant *held* shown by sufficient service of process upon defendant's agent, by appearance of defendant's attorney and participation in the trial, by decision of the board, by notice to the defendant of intention to apply to the Superior Court of that State for a judgment on the award.

2. APPEAL AND ERROR, § 35*—*when constitutionality of foreign statute will be presumed.* The Appellate Court will assume the constitutionality of a foreign statute.

3. WORKMEN'S COMPENSATION ACT, § 1*—*how foreign statute construed.* Where a foreign Workmen's Compensation Act provided that it should not apply to employees engaged in interstate or foreign commerce or their employers in case the laws of the United States provide for compensation or for liability for injury or death by accident of such employees, *held* that such act would exclude only·those who should be provided for by federal statute, and would not exclude those who should not be so provided for, notwithstanding they were engaged in interstate commerce.

4. JUDGMENT, § 668*—*when evidence sufficient to establish foreign judgment.* In an action upon a foreign judgment based upon an award under the Workmen's Compensation Act of the foreign State, a transcript of such judgment, duly authenticated, the act, and the procedure in the case from which the judgment resulted, *held* sufficient to establish such judgment in such action, notwithstanding there was not a full and complete transcript of such judgment.

5. JUDGMENT, § 668*—*what constitutes prima facie proof of giving of notice of entry of foreign judgment.* In an action on a foreign judgment based upon an award under the Workmen's Compensation Act of the foreign State, notice to the defendant of entry of such judgment *held* shown prima facie by the judgment order so reciting.

*See Illinois Notes Digest, Vols, XI to XV, and Cumulative Quarterly, same topic and section number.

6. JUDGMENT, § 658*—*when failure to give notice of entry of foreign judgment does not invalidate it.* In an action on a foreign judgment based upon an award under the Workmen's Compensation Act, *held* that the failure to give notice of entry of judgment did not, under the laws of such State, invalidate such judgment, where such laws did not require it as a condition precedent to the entry of a judgment.

7. JUDGMENT, § 673*—*when judgment in action on foreign judgment is in proper form.* Judgment for a certain sum per week for a certain number of weeks in an action on a foreign judgment based upon an award under the Workmen's Compensation Act of the foreign State, in accordance with such foreign judgment, *held* in the usual and proper form, notwithstanding it was for money not yet accrued.

8. WORKMEN'S COMPENSATION ACT, § 13*—*what questions will be reviewed.* It is not within the province of the courts to pass upon the weight of sufficiency of the evidence upon which an award under the Workmen's Compensation Act is based, but only upon questions of law presented.

9. JUDGMENT, § 576*—*what faith and credit should be given foreign judgment based on award under Workmen's Compensation Act.* A foreign judgment based upon an award under the Workmen's Compensation Act of the foreign State is entitled to the same faith and credit as if it were a judgment in the ordinary common-law action, and should not be reversed because of the unusualness of the proceeding.

Appeal from the Circuit Court of Cook county; the Hon. OSCAR M. TORRISON, Judge, presiding. Heard in this court at the October term, 1916. Affirmed. Opinion filed February 19, 1917.

ALDEN, LATHAM & YOUNG, for appellant; T. A. SHEEHAN, of counsel.

BOWE & BOWE, for appellees.

MR. PRESIDING JUSTICE McSURELY delivered the opinion of the court.

By this appeal defendant challenges the validity of a judgment against it, rendered in the Circuit Court of this county in a suit brought upon a judgment ren-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

dered in the Superior Court of Lake county, Indiana, upon an award in a statutory action under the "Workmen's Compensation Act of Indiana." The judgment, both in our Circuit Court and in the Indiana court, was for the sum of $9.07 a week for a period of three hundred weeks beginning with September 10, 1915.

The facts of the accident which gave rise to the proceeding are not material to our consideration. Briefly stated, Albert Drtina, husband of plaintiff Filomena Drtina, and father of Rosie, on September 10, 1915, was killed in Indiana by a train while he was engaged in the business of selling and delivering goods for his employer, the defendant.

Did the Indiana court have jurisdiction of the defendant? Defendant has a store in Chicago, but sells goods in Indiana through its agent living in that State. After the death of Drtina his widow and child filed their petition, pursuant to the Indiana statute, with the Indiana Industrial Board, setting forth the nature of their claim. The agent of the defendant residing at Hammond, Indiana, was served with a copy of the petition and a notice of the arbitration hearing. The cause was called for hearing at the set time, at which plaintiffs were present represented by counsel. A special appearance was entered by defendant for the purpose of objecting to the jurisdiction of the board, upon the ground, as stated, of defective service, in that the agent of the defendant who had been served with the summons was not at the time of the service of such process in the employ of the defendant. No proof to sustain this objection was offered, and it was overruled. Thereupon the cause proceeded to hearing, which was participated in by the attorney for the defendant by his examining witnesses, objecting to testimony, etc. At the close of plaintiffs' case defendant's attorney asked for a continuance for the purpose of introducing testimony

"upon the merits of the case." A continuance was allowed, but defendant offered nothing in defense. Thereupon, on January 18, 1916, the board made an award for the plaintiffs and against the defendant.

Subsequently, on January 25, 1916, pursuant to the Indiana statute, defendant filed its application for a review of the award, setting forth among other things as grounds for review the alleged defective service of summons. After consideration of the points presented, an opinion was filed by the board in which these points were discussed and determined. The point of no jurisdiction was discussed and decided adversely to the claim of the defendant.

By section 61 of the Indiana Act provision is made for an appeal to the Appellate Court by either party to the dispute within thirty days from the date of the award, and that if such appeal is not taken the award upon the review is conclusive and binding as to all questions of fact. No appeal was taken. Subsequently the plaintiffs, proceeding under section 62 of the Act, filed a certified copy of the award of the board in the Superior Court of Lake county, Indiana, and judgment was rendered in accordance therewith. Said section does not provide for any service of summons prior to the rendition of the judgment, but contemplates that after judgment is entered the parties shall be notified. The section further provides that "such judgment shall have the same effect and all proceedings in relation thereto shall thereafter be the same as though said judgment had been rendered in a suit duly heard and determined by said court."

With this record before us, we hold that it appears that the defendant was within the jurisdiction of the court, for the following reasons: (1) The service of process in the first instance upon the agent of defendant was sufficient; (2) the defendant by its attorney appeared and took part in the trial; (3) the question

of jurisdiction was raised and determined by the board on review; it is therefore *res judicata* (*Chicago Title & Trust Co. v. National Storage Co.*, 260 Ill. 485); (4) the record shows as a fact notice to the defendant of the intention to apply to the Superior Court for a judgment upon the award; and (5) it is not required by the Indiana statute to give previous notice by summons or otherwise of application to the Circuit or Superior Court for judgment upon an award.

It is urged that we should declare section 62 of the Indiana statute unconstitutional. We must decline to do so. We would not be permitted under such circumstances to pass upon the constitutionality of one of the statutes of this State; it would follow by analogy that we are not permitted to pass upon the constitutionality of a statute of a sister State. No authority is pointed out to us so to do, and we shall assume the constitutionality of the act. In this connection it might be said that following the reasoning of our own Supreme Court in declaring our Workmen's Compensation Act constitutional, we should hold the Indiana statute constitutional. *Deibeikis v. Link Belt Co:*, 261 Ill. 454; *Victor Chemical Works v. Industrial Board of Illinois*, 274 Ill. 11.

It is urged that the defendant is not subject to the terms and provisions of the Indiana Workmen's Compensation Act for the reason, as stated, that it is a corporation foreign to the State of Indiana and engaged in interstate commerce. This point was raised upon the review of the award by the Industrial Board of Indiana and, upon the evidence, adjudicated adversely to defendant; but even if it should be conceded that defendant was engaged in interstate commerce it does not follow that it is not subject to the Compensation Act. By section 19 of the Act it is provided that the Act "shall not apply to employees

engaged in interstate or foreign commerce, nor to their employers, in case the laws of the United States provide for compensation or for liability for injury or death by accident of such employees.'' By excluding employers or employees engaged in interstate commerce who are provided for by federal statute, the act includes those not so provided for. No federal compensation act has been presented to us, and we know of none which would cover the particular kind of employment of the deceased in this case. An act similar to this has been held to apply to those engaged in interstate commerce, the court saying:

''The foregoing shows an intention to legislate for all, including those engaged in interstate commerce, contrary to the contention made. It is further contended that, if the terms of the act include those engaged in interstate commerce, it is an interference with interstate commerce and cannot be enforced. Congress having in no way legislated in the premises * * * the State has the right to enact laws incidentally affecting interstate commerce. This act does no more.'' *Stoll v. Pacific Coast S. S. Co.,* 205 Fed. 169, 177.

We are in accord with what is said in this opinion.

It is objected by the defendant that the plaintiffs did not offer or introduce a full and complete transcript of a judgment of a foreign State. There was introduced upon the trial here a transcript of the judgment itself, duly authenticated, the Workmen's Compensation Law of Indiana, and the procedure in the case of *Drtina et al. v. Charles Tea Company,* from which the judgment sued on resulted. We think this was sufficient. This was all that was necessary to establish a judgment of a foreign State in a proceeding of this kind. The argument of counsel for defendant as to the absence of any showing of process, pleadings, and the like, is predicated upon the ordinary rule in the ordinary case. Citations of decisions upon

points of procedure in cases not brought under so-called workmen's compensation laws are not in point.

There is no merit in the point that the Superior Court of Lake county did not notify the parties of the entry of judgment, in accordance with section 62. The judgment order itself recites notice issued to the defendant of said judgment, which is prima facie evidence of compliance with the statute. There is other evidence in the record of notice to the defendant. We do not see how the failure to give such notice would invalidate the judgment; it is not a condition precedent to the right of the court to enter the judgment. In any event, no special method is provided for conveying notice to the parties, and any evidence from which it would appear that they had notice of the same would seem to be sufficient.

Neither is there merit in the contention that it was error to enter judgment for money that had not yet accrued. This is the usual form of judgments under acts similar to this, and they have been sustained; we are shown no holding to the contrary.

In *Parker-Washington Co. v. Industrial Board of Illinois,* 274 Ill. 498, our Supreme Court said:

"The Workmen's Compensation Act makes the decision of the Industrial Board, if it acts within its powers, in the absence of fraud, conclusive upon the courts. The Circuit Court and the Supreme Court, in reviewing a proceeding of this kind, can only review questions of law. Whether legal evidence is offered to support the decision of the board, where such evidence is properly preserved for review here, is a question of law, but if there is competent or legal evidence to support the decision of the board, it is not within the province of the courts to pass upon its weight or sufficiency."

Tested by the laws of Indiana the judgment is valid, and there is no good reason for not according it the same faith and credit in Illinois as if it were

a judgment in the ordinary common-law action. The judgment should not be reversed because of the unusualness of the proceeding; most everything was new once.

For the reasons above indicated the judgment is affirmed.

*Affirmed.*