## LAMBERT ET AL. *v.* POWERS.

[No. 10,956.   Filed June 9, 1921.]

1. MASTER AND SERVANT.—*Workmen's Compensation Act.—Review of Award.—Time for Filing Application.*—Under §45 of the Workmen's Compensation Act (Acts 1915 p. 392, §80201 et seq. Burns' Supp. 1918), as amended by Acts 1919 p. 158, the time for filing an application for review on account of change of conditions begins to run from the end of the compensation period fixed by the award, and not from the date of the award. p. 80.

2. MASTER AND SERVANT.—*Workmen's Compensation Act.—Judgment for Compensation.—Modification by Industrial Board.*—Under §62 of the Workmen's Compensation Act (Acts 1915 p. 392, §80201 et seq. Burns' Supp. 1918), authorizing circuit or superior courts to render judgments in accordance with awards of the Industrial Board, but providing that any such judgment

shall be modified to conform to any modification of an award made by the board under §45 of the act, as amended by Acts 1919 p. 158, when an award is modified by the Industrial Board, it becomes the duty of the court which has rendered judgment on such award under the provisions of §62 of the act to modify the judgment so as to make it correspond with the award as modified; hence, where a judgment has been rendered on an award of compensation and an application is subsequently made by the employer for a modification of the award, an appeal from an order of the Industrial Board denying such application will not be dismissed on the ground that the original award was merged in the judgment and that the judgment is conclusive.   p. 80.

3.   MASTER AND SERVANT.—*Workmen's Compensation Act.—Appeals.—Weighing Evidence.*—The court will not weigh conflicting evidence on an appeal from an award of the Industrial Board.   p. 82.

From the Industrial Board of Indiana.

Proceedings for compensation under the Workmen's Compensation Act by Milton Powers against Edwin M. Lambert in which the parties entered into an agreement for compensation, which was approved by the Industrial Board. Subsequently the defendant named and his insurance carrier, the United States Fidelity and Guaranty Company, petitioned for a review on account of changed conditions. From an order denying such petition, the petitioners appeal. *Affirmed.*

*Howe S. Sanders* and *Turner, Merrill & Locke,* for appellants.

*Charles T. Parker* and *H. J. Paulus,* for appellee.

MCMAHAN, J.—Appellee was injured March 27, 1917, while working for appellant Lambert, and on May 17, 1917, the parties entered into an agreement for compensation, which was approved by the Industrial Board May 29, 1917. By this agreement, appellant Lambert agreed to pay appellee $10.39 per week during total disability not to exceed 500 weeks. Compensation was paid as agreed until January 22, 1918.   In February

1919, appellee filed his application for adjustment of his claim for compensation, but before the decision on the same it was dismissed. June 16, 1919, appellant Lambert and his coappellant, the insurance carrier, filed their application for a review on account of change in conditions, claiming that the disability of appellee had diminished and ended.

Appellee filed a special answer alleging that in June 1919, he had filed a certified copy of the agreement in the Grant Circuit Court with a showing that there was a balance of $747 then due him under said agreement and the further sum of $10.39 per week from June 23, 1919, and continuing not to exceed 500 weeks from the date of the award, and that a judgment had been rendered against appellant Lambert in accordance with said agreement and denying the jurisdiction of the Industrial Board to change or modify said agreement.

A hearing was had before the full board in March 1920, and the board made an order that the cause should be disposed of on the basis of permanent partial disability, but that the evidence was insufficient for a finding as to appellee's permanent partial disability, whereupon the hearing was continued and appellants were ordered to pay appellee compensation in full up to June 16, 1919. Compensation was afterwards paid to June 16, 1919. On September 3, 1920, on final hearing the board by a majority of the members made an award finding that appellee had been wholly disabled to work from the date of the injury and was still so disabled; that there had been no change in his condition and that his total disability would probably continue indefinitely, and an order was made denying appellants' petition for review. From this award appellants appeal.

Appellee has filed a motion to dismiss this appeal for the reason that the application for a review, on account

of change in conditions, was not filed within one
1. year from the time of the award. Section 45 of
the Workmen's Compensation Act, as amended
in 1919 (Acts 1919 p. 158) and *In re Hogan* (1921),
75 Ind. App. 53, 129 N. E. 633, are cited by appellee
in support of this motion. These citations are not in
point. The provision of the statute is that no applica-
tion for a review on account of change of conditions
shall be filed by either party after the expiration of one
year from the termination of the compensation period
fixed by the original award. Time for filing such appli-
cation does not run from the date of the award as
claimed by appellee but from the end of the compensa-
tion period fixed by the award.

Appellee also contends that this cause should be dis-
missed for the reason that the agreement for compen-
sation and the award of the board approving the
2. same have been merged into a judgment by the
Grant Circuit Court. It appears that on June
23, 1919, a judgment was rendered in the Grant Circuit
Court on the original award for $747.08, that being the
amount of compensation then due under the award and
also for the further sum of $10.39 per week to become
due and continuing for not to exceed 500 weeks from
the commencement of the original award. Section 62
Workmen's Compensation Act, §8020t2 Burns' Supp.
1918, Acts 1915 p. 392, is as follows: "Any party in
interest may file in the circuit or superior court of the
county in which the injury occurred, a certified copy of
a memorandum of agreement approved by the board or
of an order or decision of the board, or of an order of
the board unappealed from, or of an award of the board
rendered upon an appeal, whereupon said court shall
render judgment in accordance therewith and notify the
parties. Such judgment shall have the same effect and
all proceedings in relation thereto shall thereafter be

the same as though said judgment had been rendered in a suit duly heard. and determined by said court. Any such judgment of said circuit or superior court unappealed from or affirmed on appeal or modified in obedience to the mandate of the appellate court, shall be modified to conform to any decision of the industrial board, ending, diminishing or increasing any weekly payment under the provisions of section 45 of this act upon the presentation to it of a certified copy of such decision."

Appellee's contention is that a judgment taken under this section is conclusive unless the same is contested and set aside on account of fraud or because of some equitable defense to the same. It will be noticed that this section, while authorizing the rendition of the judgment, also recognizes the right of the Industrial Board to modify the original award of compensation by ending, diminishing or increasing any weekly payment under the provisions of §45, *supra,* of the act, which section expressly provides that the power and jurisdiction of the board over each case shall be continuing, and authorizes the board on its own motion or upon the application of either party to make such change in the award, ending, lessening, continuing or extending payment previously awarded, as it may deem just on account of a change in conditions.

Judgments rendered under this statute are not to be treated as judgments in an ordinary civil action to the extent that they are not subject to change or modification. Such judgments, however, so long as they remain unmodified, in the language of the statute, "shall have the same effect and all proceedings in relation thereto shall thereafter be the same as though said judgment had been rendered in a suit duly heard and determined by said court." The judgment and pro-

ceedings provided for in §62, *supra*, are somewhat unusual, but as said in *Drtina* v. *Charles Tea Co.* (1917), 204 Ill. App. 183, "Most everything was new once." Appellee saw fit to take judgment under this statute, and he must take his judgment subject to all the provisions of the statute authorizing the same. The right of the board to change or modify an award is expressly recognized and when an award is modified by the board, it becomes the duty of the court on proper application to modify the judgment theretofore rendered so as to correspond with the award as modified by the board. Appellee's motion to dismiss the appeal is denied.

Appellants contend that the evidence shows there has been a change of conditions affecting appellee's right to compensation in that (1) Any disability resulting from the injury has ceased and that his present condition is not due to the injury but is due to a disease not resulting from the injury, and (2) whatever disability he now suffers is by way of permanent partial impairment and not by way of total disability.

A decision of the questions thus presented requires that we weigh conflicting evidence. This we have refused to do so often that it would seem that employers and insurance carriers should realize that when there is any evidence to support the award, it does not show proper respect for the law to prosecute an appeal when the only question involved requires the court to weigh conflicting evidence. This record also shows a striking illustration of the disposition of employers or insurance carriers or both, not only to prosecute needless appeals but also an utter disregard of their agreement to pay compensation and the award of the board, by arbitrarily stopping the weekly payments of compensation according to the award without first filing their application for a review on account of

change in the employe's condition. At the time appellants filed their application herein they were owing appellee approximately $750 and the same was not paid until they were compelled to make such payment or be denied a hearing on their application and when they made their payment it was at a time when they were over two years in default. The time has come when employers and insurance carriers should understand that they are entitled to no consideration when they are in default in payment of compensation.

In the present case appellants may honestly believe that the board erred in holding that appellee was laboring under a total permanent disability, and it may be that they were correct in their belief, but that does not justify an appeal when it is known there is a conflict of evidence and that the question presented by the appeal depends upon the weight of the evidence. Such appeals are of too frequent occurrence to impress us that they are always taken in good faith.

Were we to review the evidence in this case and state the law applicable thereto, it would be a statement of the law as it has been laid down by the courts in every jurisdiction having a Workmen's Compensation Act. We have, however, given the evidence careful consideration and find that there is evidence to support the award of the board.

The award is affirmed with the penalty as fixed by the statute.