KUHR *v.* WILLAN.

[No. 13,104.   Filed January 8, 1930.]

*Rawley, Baumunk & Fisher,* for appellant.
*B. V. Goshorn* and *Richard Ewbank,* for appellee.

McMAHAN, J.—On December 3, 1928, the Industrial Board, on application of appellee, entered an award of compensation because of an injury received by him while working for appellant. This award was for "$8.80 per week, beginning on the 12th day of May 1928, and to continue during the period of plaintiff's total disability resulting from the injury, not exceeding 500 weeks." Appellee had suffered an injury to his right eye, and the board expressly retained jurisdiction for the purpose of determining the degree of permanent loss of the vision of the injured eye. Appellee filed a copy of this award in the circuit court of Clay county, and, on December 18, 1928, that court entered a judgment that "plaintiff recover $1,580 damages due him from defendant up to December 15, 1928, and that the defendant is hereby ordered to pay plaintiff the sum of $8.80 per week from and after said December 15, 1928, until further order of the court." Notice of this judgment was given appellant, and, on January 8, 1929, the same being the second day of the January term of said court, he filed his motion to modify such judgment so

as to conform to the award of the Industrial Board. On January 10, the motion to modify was overruled, with exception to appellant, who immediately gave due and proper notice of an appeal, which was perfected by filing the record and assignment of error in this court January 15. Appellant needlessly prayed an appeal, which prayer the court took under advisement until January 14, when the same was denied, seemingly with the idea that by so doing the jurisdiction would remain in that court, and that no appeal could be taken to this court unless the prayer for an appeal had been granted.

On January 11, appellee filed a complaint to "review" said judgment, and, so far as we are advised, no action has been taken thereon. Without setting out the proceedings relating to the seizure of appellant's property by a receiver appointed by the Clay Circuit Court and the subsequent delivery of such property by the receiver to the sheriff, and the release thereof on order of this court, it is sufficient to say some of the steps taken were, to say the least, illy advised, but they do not affect the rights of the parties on this appeal.

Section 9507 Burns 1926, being §62 of the Workmen's Compensation Act, Acts 1915 p. 392, is as follows: "Any party in interest may file in the circuit or superior court of the county in which the injury occurred a certified copy of a memorandum of agreement approved by the board, or of an order or decision of the board, or of an award of the board unappealed from, or of an award of the board rendered upon an appeal, whereupon said court shall render judgment in accordance therewith and notify the parties. Such judgment shall have the same effect, and all proceedings in relation thereto shall thereafter be the same, as though said judgment had been rendered in a suit duly heard and determined by said court. Any such judgment of said circuit or superior court unappealed from, or affirmed on appeal, or

modified in obedience to the mandate of the Appellate Court, shall be modified to conform to any decision of the Industrial Board, ending, diminishing or increasing any weekly payment under the provisions of section 45 of this act, upon the presentation to it of a certified copy of such decision."

Upon the filing of a certified copy of the award, the court should have caused the same to be spread of record and then entered a judgment in accordance therewith. Instead of so doing, the court entered a personal judgment against appellant for $1,580 damages due appellee from appellant up to December 15, 1928, and that he pay appellee $8.80 per week from and after December 15, until further order of court. Appellee, in effect, concedes that the court erred in rendering the judgment for $1,580. No attempt has been made to show how the court arrived at that amount. Nor is any reason given for the refusal of the court to sustain appellant's motion to modify the judgment. And we may remark that a judgment rendered on an award of the Compensation Board is not a judgment for damages. It is a judgment for compensation. The court, in rendering a judgment on an award of the Industrial Board, must accept the final award of the board as its finding, and the judgment must follow such award. The court has no authority to modify the award or change its effect. The jurisdiction to modify the award is in the Industrial Board. We see no objection to the court rendering judgment for the amount of compensation then due and unpaid. See *Lambert* v. *Powers* (1921), 76 Ind. App. 77, 131 N. E. 420.

The court erred in overruling appellant's motion to modify the judgment. The action of appellee in thereafter filing his so-called complaint for "review" did not have the effect of preventing appellant from appealing from the original judgment and

assigning as error the overruling of his motion to modify. Nor did it keep the proceeding, wherein the judgment in the instant case was rendered, *in fieri*. A complaint to review is an independent action. Since appellant's motion to modify gives the court ample authority to render a correct judgment, appellee's complaint will, without doubt, be dismissed so no further attention need be given to it.

Judgment reversed, with directions to sustain the motion to modify the judgment so as to conform with the award of the Industrial Board. All costs occasioned by reason of this appeal and on account of the appointment of the receiver are ordered paid by the clerk of the Clay Circuit Court out of the first money paid to him by appellant.