GRANT COAL MINING COMPANY *v.* COLEMAN.
[No. 14,949. Filed November 25, 1933. Rehearing denied April 27, 1934.]

*Thomas B. Gallagher,* for appellant.

*George W. Wells* and *Charles H. Bedwell,* for appellee.

DUDINE, J.—Appellee received a compensable injury on December 19, 1915, while working for appellant. On January 18, 1916, the parties entered into a compensation agreement providing compensation for total disability, payments to begin January 2, 1916, and to continue "during the period of . . . total disability. . . ." (Quotation from said agreement.) This agreement was approved by the Industrial Board January 17, 1916. Compensation was paid under said agreement up to August 26, 1916, in the total sum of two hundred forty-nine dollars and ninety cents ($249.90). No further compensation payments were made, and no final receipt for compensation was filed with the Industrial Board.

On April 21, 1926, more than five hundred (500) weeks after January 2, 1916, the date on which compensation payments began, appellee filed a certified copy of said compensation agreement, and said approval thereof, in the superior court of Vigo county, Indiana, and said court on said 21st day of April, 1926, rendered judgment on said approved agreement in favor of ap-

pellee for five hundred (500) weeks' compensation. Notice of the judgment was thereafter given to appellant, who, pursuant to said notice appeared in said court and proceedings were thereafter had which resulted in an appeal from said judgment by appellant to our Supreme Court and an affirmation of said judgment by our Supreme Court. See *Grant Coal Mining Co.* v. *Coleman* (1932), 204 Ind. 122, 179 N. E. 778.

On October 11, 1926, about six months after said judgment was rendered, appellant filed with the Industrial Board its application for review of said approved agreement, alleging a change of conditions, to which application appellee filed an answer alleging that the limitation of time during which such application could be filed, had expired, before said application was filed, and therefore the Industrial Board did not have jurisdiction to consider said application.

Evidence was heard upon the application by a single member of the board, who thereupon dismissed the application.

A review of the award was had before the full board which found facts as stated herein, and further found "that the maximum period for which compensation could be paid under the agreement . . . was five hundred (500) weeks from January 2, 1916, the date on which payment of compensation began under said agreement; that the said maximum period terminated on August 15, 1925." The full board further found that said application for review "was not filed within the time required by law and the Industrial Board is without jurisdiction to hear and determine said application." (Quotation from findings of the full board.) Upon said findings the full board ordered that said application be dismissed, from which award appellant appeals, assigning as error that said award is contrary to law.

Section 45 of the Workmen's Compensation Law (Sec. 9490, Burns Supp. 1929, §40-1410, Burns 1933, §16421, Baldwin's 1934), is the statute of limitation for filing applications to modify awards of the Industrial Board. The limitation is set forth in the following language, to wit:

"The board shall not make any such modification upon its own motion, nor shall any application therefor be filed by either party after the expiration of one year from the termination of the compensation period *fixed* in the original award, made either by agreement or upon hearing." (Our italics.)

In *Miles* v. *Ind. Service Corp.* (1933), 97 Ind. App. 400, 185 N. E. 460, this court construed that part of Section 45, *supra,* to mean that the termination of the compensation period as fixed in the original award, *or (as fixed) by the Industrial Board* is the time when said limitation begins to run. We now follow said construction.

The compensation agreement obtained the legal effect of an award, by its approval by the Industrial Board.

*Pedlow* v. *Swartz Elec. Co.* (1918), 68 Ind. App. 400, 120 N. E. 603; *Home, etc., Co.* v. *Cahill* (1919), 71 Ind. App. 245, 123 N. E. 415.

The original agreement, which was the first compensation agreement approved by the Industrial Board, hence the first award, and which, for the sake of clarity, will be referred to herein as the original award, did not "fix" the period of disability. It fixed the beginning of the period of disability, but it did not fix the termination thereof.

The full Industrial Board did not find in the instant case that it, the Industrial Board, had "fixed" the period of disability. It is conceded by the parties to this appeal that the Industrial Board did nothing whatsoever in this cause from the time when they approved the compen-

sation agreement on January 18, 1916, until appellant's application was filed on October 11, 1926.

The limitation of time for filing applications for modifications of awards does not begin to run until the *termination* of the disability period. The disability period referred to is the disability period fixed in the original award, or by the Industrial Board. If, as in the instant case, the period of disability has not been so fixed there cannot be a termination of such a period of disability, and the limitation cannot be said to have begun to run.

Consideration of the findings of the full board causes us to think that the board dismissed the application on the theory that an application for modification of an award cannot be filed more than one year after the expiration of the five hundred (500) week period.

It is our opinion that the five hundred (500) week period is not a limitation, and is not to be used as a basis for a limitation of the time during which an application for the modification of an award may be filed, it is a limit of the number of weeks for which an employer may be required to pay compensation. These payments may be required to be made intermittently, during a period longer than five hundred (500) weeks plus one year. Section 29 of the Workmen's Compensation Act, Sec. 9474, Burns Supp. 1929, §40-1301, Burns 1933, §16405, Baldwin's 1934, which limits the liability of an employer to "fifty-five per cent of his average weekly wages for a period not to exceed five hundred weeks" does not refer to the limitation of time during which applications for modification of awards can be filed; it deals with but one subject and that is the extent of the employer's liability for temporary disability.

Appellee cites *Miles* v. *Ind. Service Corp., supra,* in support of his contention that "if the Industrial Board (at the time of the hearing which resulted in the award appealed from,) had the power to and did find that total disability ended in August, 1916, the Industrial Board would have had no jurisdiction or power to modify the original award, unless an application therefor was filed within one year after August, 1916."

That contention is not the law, and *Miles* v. *Ind. Service Corp., supra,* does not support it.

In that case the Industrial Board had fixed the termination of the period of disability and the application for modification of the award was filed more than one year after the termination of the disability period as fixed by the board. The effect of that decision is that an application for modification of an award cannot be filed more than one year after the termination of disability as fixed by the board. It does not hold, as is contended for by appellee, that an application for modification of an award cannot be filed more than one year after the period of disability has ceased. Section 45, *supra,* does not fix the time when the period of disability ceases, as the time when the limitation begins to run; but does fix the time when the period of disability, *as fixed in the original award* ceases, as the time when the limitation begins to run. *Miles* v. *Ind. Service Corp., supra,* fixes the time when the period of disability, *as fixed by the Industrial Board* ceases, as such time.

A law fixing the time when the period of disability ceases, as the time when the statute of limitations would begin to run would be impractical, for reasons which are obvious. On the other hand the limitation fixed by Section 45, *supra,* as construed by us in this opinion, is practical and equitable. It does not place any unreasonable burden on either party nor give any unfair advantage to either party.

Section 58 of the Workmen's Compensation Act, Sec. 9503 Burns Supp. 1929, §40-1509, Burns 1933, §16434, Baldwin's 1934, gives either party the right to file an application with the Industrial Board for determination of any dispute between them as to the continuance of payments, where the parties have previously executed a compensation agreement, which is approved by the Industrial Board, and such disagreement arises, and when such application is filed, said section of the Workmen's Compensation Act provides, the board will act upon it as early as practical.

Appellee has cited other cases in support of the board's action in dismissing appellant's application for review, but in none of said cases was an application for review dismissed, or sought to be dismissed, on the theory that the limitation of time for filing such applications had run, where the period of disability had neither been fixed in the original award, nor previously fixed by the Industrial Board, as was done in the instant case, and therefore said authorities cited by appellee are not controlling in this case.

The court, upon its own motion, modifies the mandate of the opinion rendered by this court in this cause on the 25th day of November, 1933, to read as follows:

Award reversed and the Industrial Board is directed to reinstate appellant's application for review, to hear additional evidence if any, which may be tendered by either party or requested by said Board; to consider the evidence heretofore admitted, and hereafter admitted, if, any, on said application for review, and make a finding of facts, including a finding as to whether or not appellee's disability has ceased, and if the board finds that appellee's disability has ceased, said board shall also find when it ceased, and said board shall enter an award in accordance with such finding.

Appellee's petition for rehearing is denied.

Bridwell, P. J., not participating.