**STATE of Indiana, Indiana Department of Correction, Defendants–Appellants,**

v.

**Tana DOODY, Plaintiff–Appellee.**

**No. 41A01–8912–CV–487.**

Court of Appeals of Indiana, First District.

July 24, 1990.

Rehearing Denied Sept. 4, 1990.

Linley E. Pearson, Atty. Gen. of Indiana, Ann Scholl Long, Deputy Atty. Gen., Indianapolis, for defendants-appellants.

G. Robert Wright, Thomas L. Landwerlen, Landwerlen & Rothkopf, Indianapolis, for plaintiff-appellee.

BAKER, Judge.

This action arose out of a dispute over the correct interpretation of certain sections of the Indiana worker's compensation law, IND. CODE 22–3–2 through IND. CODE 22–3–6. The case comes before us

on appeal by defendant-appellant State of Indiana, Indiana Department of Correction (the State) from the trial court's grant of summary judgment to plaintiff-appellee Tana Doody (Doody) in her action to obtain a judgment on an award received from the Industrial Board of Indiana (Board).[1] We reverse.

Doody's deceased husband, David Doody, was injured in the course of his employment with the Indiana Department of Correction on September 20, 1984. The injury totally disabled him, and the State paid him his full salary for a year pursuant to the State pay plan requirements of IND. CODE 4–15–2–6.[2] Such payments are commonly referred to as Public Law 35 payments. At the end of the first year of Mr. Doody's disability, the State paid him 13 weeks of temporary total disability payments at the rate of $166 per week from September 20, 1985 to December 27, 1985.

On October 3, 1985, Mr. Doody filed his Form 9 Application for Benefits with the Board. On February 17, 1987, a single hearing judge found Mr. Doody to be permanently totally disabled and ordered the State to pay Mr. Doody $166.00 per week for his period of permanent total disability commencing with the date of the accident, September 20, 1984. The full Board unanimously affirmed the single hearing judge's decision on May 21, 1987. The State did not appeal the decision.

Pursuant to IND. CODE 22–3–4–9, Mr. Doody filed a copy of the Board's award with the trial court and requested judgment thereon on December 9, 1988. His filing alleged two redundant counts against the State. Both counts complained that the State had unlawfully refused to pay Mr. Doody his disability payments for the year during which he received his full salary Public Law 35 benefits. Mr. Doody asserted the State was not entitled to a credit for

the Public Law 35 benefits and was required to pay him the disability payments in addition to his salary for the first year of his disability. Mr. Doody also filed a motion for certification of his claim as a class action.

Because Mr. Doody's two counts were redundant, he was granted leave to amend. The trial court also ordered him to relate one of his counts to his class action motion. His final amended Count II, couched in the posture of a class action, merely repeated his complaint that the State was not entitled to a credit for Public Law 35 salary benefits.

Mr. Doody died during the course of the litigation, and his wife was substituted as the plaintiff in accordance with Ind.Trial Rule 25(D).[3] On the parties' cross motions for summary judgment, the trial court granted Doody's motion on Count I, ordering the State to pay Doody $166 per week for the disputed first year of disability without a credit for the Public Law 35 salary benefits, but allowing a credit for the payments made from September 20, 1985 to December 27, 1985.[4] The trial court also decided to hold a hearing on Doody's Count II class action complaint at the request of either party.

The State now appeals, raising two issues for our review:

I. Whether the State is entitled to a credit for Public Law 35 salary benefits against payments for total permanent disability.

II. Whether a class action may be certified after the resolution of a claim on its merits.

■ The parties do not dispute any of the facts of the case, and the trial court granted summary judgment on the basis of the controlling statutes. When no genuine issues of material fact divide the parties, our task on review of the trial court's grant of summary judgment is to determine

---

1. Under the 1988 amendments to IND. CODE 22–3–1–1, the Industrial Board of Indiana was renamed the Worker's Compensation Board of Indiana.

2. Formerly IND. CODE 4–15–2–5(b).

3. The State continues to pay Tana Doody her deceased husband's disability benefits under the terms of IND. CODE 22–3–3–16.

4. Although the parties' rationale is unclear, they stipulated that Mr. Doody was injured on September 30, 1984, and the trial court's judgment reflects that date.

whether the trial court correctly applied the law. *Board of Dental Examiners v. Judd* (1990), Ind.App., 554 N.E.2d 829.

## I. CREDIT FOR PUBLIC LAW 35 BENEFITS

█ Initially, we note that a trial court is authorized merely to enter an order of the Board as its own judgment when it receives an application for judgment under IND. CODE 22–3–4–9. *Kuhr v. Willan* (1930), 90 Ind.App. 567, 169 N.E. 475. "[T]he court has no jurisdiction to review the decision of the ... Board, construe the statute, or determine whether the decision is correct." *Grasselli Chemical Co. v. Simon* (1929), 201 Ind. 41, 52, 166 N.E. 2, 6.

█ The dispute between Doody and the State exists because the worker's compensation law, IND. CODE 22–3–2 through 22–3–6, contains two sections providing for total permanent disability benefits, one of which allows the State a credit for Public Law 35 benefits, and one of which does not. In pertinent part, IND. CODE 22–3–3–8 provides:

> With respect to injuries occurring on and after July 1, 1976, causing temporary total disability or total permanent disability, there shall be paid to the injured employee during the total disability a weekly compensation equal to sixty-six and two-thirds percent (66⅔%) of his average weekly wages, as defined in IC 22–3–3–22, for a period not to exceed five hundred (500) weeks.

State employees who receive Public Law 35 benefits cannot receive Section 8 benefits during any period of dual eligibility. "Payments to state employees under the terms of IC 4–15–2–5(b) shall be taken as a *credit* by the state against payments of compensation for temporary total disability during the time period in which the employee is eligible for compensation under both IC 4–15–2–5(b) and section 8 of this chapter

..." IND. CODE 22–3–3–23(b) (emphasis added). *See* note 7, *infra.*[5] Thus, if Doody's disability benefits were made under Section 8, the State is entitled to a credit for the Public Law 35 salary benefits.

IND. CODE 22–3–3–10(b) is the other section providing total permanent disability benefits. The relevant portions of that section provide:

> With respect to injuries in the following schedule occurring on and after July 1, 1979, and before July 1, 1988, the employee, in addition to temporary total disability benefits not exceeding fifty-two (52) weeks on account of the injury, a weekly compensation of sixty percent (60%) of the employee's average weekly wages not to exceed one hundred twenty-five dollars ($125) average weekly wages for the period stated for the injury.
>
> . . . .
>
> (3) For injuries resulting in total permanent disability, five hundred (500) weeks.

Under IND. CODE 22–3–3–23(b), "[p]ayments to state employees under the terms of IC 4–15–2–5(b) may not be *deducted* from compensation payable under section 10 of this chapter." (Emphasis added.) *See* note 7, *infra.* Accordingly, any Section 10 benefits Doody received are not subject to a credit to the State for Public Law 35 salary benefits.

Based on the facts of the award to Mr. Doody and a review of the relevant provisions of the worker's compensation law, it becomes apparent that Mr. Doody received total permanent disability payments under Section 8, not Section 10. The State is therefore entitled to a credit for the Public Law 35 salary benefits.

█ First, the Board awarded Mr. Doody $166.00 per week. Because payments under Section 10 are limited to $125.00 per week, payments of $166 per week under Section 10 would be illegal. When reviewing the Board's actions, we are guided by

---

5. In a related provision, IND. CODE 22–3–3–23(a) provides: "Any payments made by the employer to the injured employee during the period of his disability, or to his dependents, which by the terms of IC 22–3–2 through IC 22–3–6 were not due and payable when made, may, subject to the approval of the worker's compensation board, be *deducted* from the amount to be paid as compensation. However, the deduction shall be made from the distal end of the period during which compensation must be paid, except in cases of temporary disability." (Emphasis added.) *See* note 7, *infra.*

the experience and expertise of the Board, and we will not presume an illegal award. *See Rork v. Szabo Foods* (1982), Ind., 436 N.E.2d 64, *appeal after remand,* 439 N.E.2d 1338.

Second, Section 8 payments represent two-thirds of an employee's average weekly wages, as defined in IND. CODE 22–3–3–22. In pertinent part, IND. CODE 22–3–3–22(a) provides:

> In computing compensation for temporary total disability, temporary partial disability, and total permanent disability, with respect to injuries occurring on and after July 1, 1984, and before July 1, 1985, the average weekly wages are considered to be (1) not more than two hundred forty-nine dollars ($249) and (2) not less than seventy-five dollars ($75). However, the weekly compensation payable shall not exceed the average weekly wages of the employee at the time of the injury.

$166, the amount of the award to Mr. Doody, is two-thirds of $249.

Third, the maximum recoverable for injuries sustained between July 1, 1984 and July 1, 1985 is $83,000. The Board awarded Mr. Doody $166 per week for his total permanent disability. Under either Section 8 or Section 10, the maximum period of compensation for total permanent disability is 500 weeks. $166 per week for 500 weeks amounts to $83,000.

These three mathematical exercises point unerringly to the conclusion that the Board awarded Mr. Doody total permanent disability benefits under Section 8, not Section 10. Our conclusion is buttressed by the fact that Section 10 benefits are payable only in addition to 52 weeks of temporary total disability benefits. Here, Mr. Doody did not receive 52 weeks of temporary total disability benefits; he received 52 weeks of Public Law 35 salary benefits.[6] Moreover, were the State not allowed a credit, Doody would recover more than her deceased husband's salary for the first year of his disability. The statutes and courts of this state have long evinced a strong policy against double recovery. *Freel v. Foster Forbes Glass Co.* (1983), Ind.App., 449 N.E.2d 1148. Accordingly, the trial court erred in denying the State a credit for the Public Law 35 benefits it paid Mr. Doody against the Section 8 total permanent disability benefits the Board ordered the State to pay.[7]

## II. CLASS ACTION CERTIFICATION

In granting summary judgment on Doody's Count I, the trial court decided to

---

**6.** We note that IND. CODE 22–3–3–23(b), on its face, refers only to a credit for Public Law 35 benefits against Section 8 temporary total disability benefits. We think it unreasonable to assume, however, that the legislature decided to allow a credit for Section 8 temporary total disability benefits, disallow a deduction for Section 10 benefits, and, at the same time in the same subsection, recused on a decision whether to allow a credit when Section 8 total permanent disability benefits are at issue. In construing a statute, we look to the statute as a whole and attempt to give effect to the intent of the legislature. *Kinder v. Doe* (1989), Ind.App., 540 N.E.2d 111. Were we to exclude Section 8 total permanent disability benefits from the ambit of IND. CODE 22–3–3–23(b), we would ignore this rule of statutory construction.

Moreover, because Section 23(b) contains a clerical error, it appears the ommission of total permanent disability may have been a clerical error as well. In 1988, the worker's compensation law underwent massive changes. *See* Indiana Compensation Rating Bureau, *Laws of Indiana Relating to Worker's Compensation* (1988) (an unpaginated "letter to the reader" from Board Chairman John N. Shanks, II discusses these changes). In the amendment process, the legislature made only nonsubstantive changes to Section 23(a) and Section 23(b), leaving intact references to IND. CODE 4–15–2–5(b), even though that subsection was deleted and incorporated into IND. CODE 4–15–2–6 in 1982. *See* the Compiler's Notes to IND. CODE 22–3–3–23 (Burns 1986 and Burns Supp.1990).

We conclude, therefore, that the legislature intended to allow a credit for Public Law 35 salary benefits against all Section 8 benefits.

**7.** The State is entitled to a credit under the clause of Section 23(b) that refers to Section 8 benefits, not a deduction under the clause of Section 23(b) that refers to Section 10 benefits or to a deduction under Section 23(a). This means the State is not entitled to deduct the amount it paid Mr. Doody in Public Law 35 salary benefits from the $83,000 in Section 8 benefits for which it is liable. Rather, the first 52 weeks' Section 8 benefits of $8,622 ($166 per week multiplied by 52 weeks) are included within the benefits paid under Public Law 35. In other words, the State's total liability is 52 weeks of Public Law 35 salary benefits plus 448 weeks of Section 8 total permanent disability benefits. Even though a deduction would be

hold a hearing on Doody's Count II class action complaint at the request of either party.[8] The State argues Doody's ability to bring a class action is foreclosed because the trial court has already entered a decision on the merits of Doody's claim. We agree.

As we stated in our recitation of the facts, Doody's amended Count II merely restated Count I, which alleged the State had taken an illegal credit, in the language of a class action under Ind.Trial Rule 23. Class certification will not be granted after a determination on the merits of a case. *Bowen v. Sonnenburg* (1980), Ind.App., 411 N.E.2d 390, 401–02. In this case, the trial court disposed of the merits of Count II when it rendered judgment on Count I, and Doody cannot escape application of the rule merely because the class action request was contained in a separate count upon which judgment was not rendered. The trial court erred in deciding to hold a hearing on class certification after it had rendered judgment on the merits.

The summary judgment in favor of Doody is reversed, and the cause is remanded to the trial court for entry of judgment consistent with IND. CODE 22–3–4–9 and this opinion.

ROBERTSON, J., and SULLIVAN, J., concur.

---

less costly to the State than a credit, the State concedes a credit as we have defined it is the appropriate method. *Appellant's Brief* at 7–9.

In *Indiana State Highway Dept. v. Robertson* (1985), Ind.App., 482 N.E.2d 495, the Third District of this court ruled on the exclusive nature of an employee's worker's compensation law remedies. The court held that a state employee's receipt of Public Law 35 benefits did not waive the worker's compensation law prohibition on an employee bringing a common law action against her employer. In reaching its decision, the court discussed Section 23(a) and Section 23(b) interchangeably. We disagree with *Robertson* to the extent the court in that case viewed Section 23(a) and Section 23(b) as

mere restatements of one another, with no distinction between the deductions under Sections 23(a) and 23(b) and a credit under Section 23(b).

8. We use the word complaint cautiously. As we have already stated, IND. CODE 22–3–4–9 merely establishes a mechanism for obtaining an enforceable trial court judgment of a Board decision. Section 9 does not create an independent action for damages. Indeed, given the limited authority of the trial court under Section 9, there is some question whether a class action may ever be brought in a Section 9 proceeding. That issue is not before us, however, and we will not address it.