HOPPER *v.* SINCLAIR REFINING COMPANY.

[No. 15,023. Filed November 25, 1933. Rehearing denied March 17, 1934.]

*William J. McAleer, Francis J. Dorsey, James J. Clark,* and *William L. Travis,* for appellant.

*Herman L. McCray, Edward J. Boleman, Burrell Wright,* and *Jacob S. White,* for appellee.

DUDINE, J.—On May 27, 1932, appellant received a compensable injury arising out of and in the course of his employment by appellee. On June 24, 1932, they entered into an agreement for compensation during total disability not exceeding 500 weeks. The agreement was approved by the Industrial Board. Appellee paid appellant the agreed compensation until June 24, 1932, when it ceased to make further payments. On March 1, 1933, appellee filed with the Industrial Board

an application for review of the award on account of a change of conditions. A hearing was had by a single member of the board, who granted said application for review, and terminated the payments as of June 24, 1932, the date the payments ceased. A review was had by the full board, and the full board also found for appellee that appellant's disability had ended June 24, 1932, and ordered that said payments should end as of said date. Thereafter appellant perfected this appeal, assigning as error that the award is contrary to law.

The sole question presented by this appeal is whether or not appellee was required to continue making compensation payments until ten days before he filed his application for review of the award.

Appellant introduced rule 33 of the Industrial Board in evidence. This rule reads as follows:

"If an injured employee or his dependents have been awarded compensation by the Industrial Board, either by the approval of an agreement or by an order upon a hearing, the employer shall continue the payments of compensation under the terms of such award within the period limit therein fixed until such employee or dependents shall have executed a final receipt therefor or the employer shall have disagreed with the injured or dependants as to the continuance of such payments.

"In case of such disagreement, the employer, within ten days from the date thereof, shall file with said board a written report of the disagreement on form 14 prescribed therefor, setting forth the grounds of such disagreement.

"The Industrial Board shall then determine the matters in dispute."

Appellant contends that said rule required, as a condition precedent to the filing of appellee's application for review, that appellee pay compensation payments under the agreement up to within ten days of the date of filing such application.

The rule, if so construed, would not recognize the disability of appellant as the sole basis for compensation, as does the Workmen's Compensation Law. In many instances the rule would provide more compensation than the law provides, and therefeore the rule would be in conflict with the law.

The rule, if so construed, would not recognize the termination of the period of disability as fixed by law, as the time when the one year limitation for filing of applications for review begins to run as does the law of this state. See *Miles* v. *Ind. Service Corp.* (1933), 97 Ind. App. 400, 185 N. E. 460; *Grant Coal Mining Co.* v. *Coleman* (1933), post 560, 187 N. E. 692. The rule if so construed in cases similar to *Grant Coal Mining Co.* v. *Coleman, supra,* would produce the opposite result, and hence would be contrary to law.

The requirement of said rule, as construed by appellant, that compensation payments must be continued up to within ten days of the time of filing an application for review, is based solely upon the employer's failure to report the disagreement within ten days after the disagreement is had; and hence is in the nature of a penalty. The Workmen's Compensation Law does not prescribe such a penalty, and it does not authorize the Industrial Board to fix such a penalty. The rule, if it is to be so construed, is in conflict with law for the reason that the Industrial Board did not have authority to adopt and enforce it.

Failure of the Industrial Board to apply a rule which is in conflict with law cannot be reversible error.

We do not construe the rule as appellant construes it.

Rules of the Industrial Board, like rules of inferior courts, should be construed as being harmonious with law, if that can be reasonably done, and should not be construed as being in conflict with law unless such a construction cannot be reasonably avoided.

We think rule 33 can be reasonably construed to be harmonious with, and not in conflict with, law.

The first paragraph of the rule does but one thing, that is it fixes the time, until which compensation payments shall be made. It provides that such payments shall continue until a final receipt is executed, or until the parties have disagreed "as to the continuance of such payments." It does not make any exceptions to that provision, by which exceptions it requires under any circumstances that the payments be continued after the execution of the receipt, or after the disagreement as to continuance of payments.

The second paragraph of said rule does require that in case of such disagreement the employer, within ten days thereafter, shall file a report thereof, but it does not provide that if the employer fails to file such report within the time prescribed he shall not be permitted to file an application for modification of an award without first making compensation payments up to and within ten days of the time he proposes to file such application. That is the effect of appellant's construction of said rule. This paragraph is a regulation for filing reports of disagreements, but it does not provide any penalty for failure to comply with the regulation.

The rule makes no reference to filing applications for modification of awards, and hence does not regulate the filing of such applications, and does not interfere with the statute of limitations for filing them.

We do not think the Industrial Board, in the adoption of said rule intended under any circumstances to extend the time during which compensation payments were to continue, beyond the execution of the receipt or the disagreement. If they had intended to do that, they would have made exceptions to the provision in the first paragraph of the rule, or they would have clearly expressed that intention in the second paragraph.

Furthermore there was no need of such an extension, because section 58 of the Workmen's Compensation Law affords the employee full and prompt relief under all circumstances, where as in this case the agreement has been approved by the Industrial Board, and afterward the parties disagree as to the continuance of payments. We must presume that the Industrial Board would not fix an unnecessary penalty.

The board having found that disability ceased the date compensation payments ceased, and there being sufficient evidence to support the finding, and no reversible error having been shown, the award is affirmed.