JAMESTOWN LUMBER COMPANY *v.* TROTTER.

[No. 14,964. Filed December 13, 1933.]

*Sol H. Esarey,* for appellant.

*Ira A. Brown,* for appellee.

CURTIS, J.—On or about April 1st, 1930, the appellee received personal injuries by an accident arising out of and in the course of his employment by the appellant. On January 1, 1932, he became disabled by reason thereof. On March 21, 1932, he was awarded compensation at the rate of $9.90 per week beginning as of January 1, 1932. The award also provided that the appellant should offer him medical, surgical, and hospital care for the relief of his disability, which was a

hernia. The appellee accepted such treatment and on March 22, 1932, he was operated. In addition to paying for the above treatment the appellant paid appellee compensation up to and including July 10, 1932, when it quit. On September 13, 1932, the appellee filed his form 14 of the board, being an application for a review on account of alleged change of condition, stating therein that the said disability had recurred since the date of the award and that it had increased and had resulted in a permanent partial impairment and that the appellant had failed to make any payments since July 10, 1932, without any disagreement. The single member, on December 12, 1932, in the hearing before him, dismissed the said application. From this order no application for a review by the full board was asked, and of necessity, no appeal to this court taken. On December 6, 1932, the appellant filed its form 14 of the board, being an application for a review of the original award on account of an alleged change of conditions, asserting therein "that the date of disagreement relative to the continuance of payments under said award was July 10, 1932; that the defendant was duly informed by the surgeon agreed upon between the parties to perform said operation; that the plaintiff was duly operated and cured and had been restored to complete health therefrom on July 10, 1932; that the defendant prepared and delivered its check for the amount due up to said date and delivered the same together with the necessary and proper form of discharge to be signed and filed by the plaintiff with the Industrial Board and a proper order of discharge made by the plaintiff herein. That said check was delivered along with said form with the agreement and understanding that said form was to be executed and filed and proper order of discharge made upon the payment made by said check; that defendant's counsel was absent from the city during the week fol-

lowing the delivery of said check and the defendant fully believed that the matter was entirely closed and a proper order made until notice was received by counsel for the defendant of an application purporting to be filed on September 13, 1932; that if the defendant, or its counsel had known that said form properly executed had not been filed and the order made as agreed, the defendant would have filed the necessary form for a determination of said question within ten days thereafter, but in reliance upon the plaintiff's promises and being unadvised of the plaintiff's failure to perform said promises, the defendants did not file said form at said time and now files it as of said date." It was further alleged that the disability of said employee on account of said injuries has ended since the date of said award.

There was a hearing had before the single member upon the last mentioned application and an order entered under date of January 23, 1933, dismissing it for want of jurisdiction. On January 30, 1933, the appellant filed an application for review by the full board, and it, under date of March 6, 1933, entered an order dismissing said application for want of jurisdiction due to noncompliance with rules 33 and 34 of the board by not having paid compensation to within ten days of the filing of said application. From this order of the full board the appellant prayed and perfected this appeal, assigning as error, among other things, that the said award is contrary to law.

The only question for determination is whether or not the board acted erroneously in dismissing the said application of the appellant. We are of the opinion that it did. The special and general allegations of the application, together with other facts heretofore mentioned appearing by the record of the board, made it error for the board to dismiss the application for alleged lack of

jurisdiction as stated in the dismissal order. As throwing light on the instant case and particularly in reference to rule 33 of the board see *Bargie Hooper* v. *Sinclair Refining Company* (1934), (Ind. App.), 187 N. E. 695.

The award of the board is reversed with instructions to the board to hear the appellant's application upon its merits and to make its finding and award in accordance with law.

Award reversed.

