BUILDERS AND MANUFACTURERS MUTUAL CASUALTY COMPANY *v.* EVANS ET AL.

[No. 13,333.   Filed November 2, 1928.]

*Jacob S. White, Burrell Wright* and *Edward J. Boleman,* for appellant.

*James W. Fesler, Harvey J. Elam, Howard S. Young* and *Irving M. Fauvre,* for appellees.

McMAHAN, J.—During the year 1925 and up to May 18, 1926, Hugh Evans was employed by the Indiana Harbor Cut Stone Company. During 1925, the Builders and Manufacturers Casualty Company, appellant herein, was the compensation insurance carrier of the stone company. In January, 1926, appellant's policy covering the operations of the stone company was canceled and the Aetna Life Insurance Company, an appellee herein, then became the insurance carrier. On September 8, 1925, while the Casualty company was the insurance carrier, Evans suffered an injury which arose out of and in the course of his employment. Following this injury, he was disabled from work for four days and then returned to his usual employment and continued to work until May 18, 1926. Following the injury and his return to work, he suffered pain from the injury and, a short time before May 18, 1926, he was placed on a different job and, about May 18, he had to cease work. Thereafter, Evans made demand upon his employer for compensation and was referred to the Casualty company, the insurance carrier for 1925. That company took the position that Evans was not disabled by reason of the accident of September 8, but that his disability was due to a second accident, which occurred in May, 1926, when the Aetna company was the insurance carrier. Evans then made demand upon the latter company for compensation, and that company, after having him examined by its physician, told him the condition of his wrist was due to the injury of September 8, when the Casualty company was the insurance carrier. On June 3, 1926, Evans filed his application for compensation with the Industrial Board, in which he alleged that his disability was due to the injury suffered Septem-

ber 8, 1925. The hearing on this application was set for July 2, 1926, and notice, with a copy of the application, was sent to the Casualty company. On the morning of July 2, the broker who had issued the Aetna policy for 1926 was notified by telephone that the application for compensation was to be heard that day. This broker, in turn, notified the claim department of the Aetna company at Chicago, Illinois, of the hearing. The hearing was heard by a single member of the board, July 2, the Aetna company not being represented. On July 9, 1926, the single member made a finding to the effect that Evans suffered an injury September 8, 1925, which disabled him from work four days, and that, on May 18, 1926, he met with a second accident; that, as a result of the injury caused by the second accident, Evans was totally disabled from work at the time of the hearing. Compensation was awarded during temporary total disability, not exceeding the period fixed by law.

No appeal was taken from this award to the full board. No copy of this award was sent to the Aetna company, although the attorney for Evans notified the broker who had placed the policy in that company that said award had been entered, and Evans, on several occasions, called at the office of the Aetna company in Chicago and attempted to secure compensation from them under the award. That company refused to make payment on the award, insisting that the disability was due to the injury of September 8, when the Casualty company was the insurance carrier.

Evans, not being able to get either insurance carrier to pay him compensation, filed a certified copy of the award made by the Industrial Board, in the Lake Superior Court, sometime in September, 1926. Without any summons or notice to anyone, the award was reduced to judgment, and, on September 25, 1926, notice of the taking of such judgment was served on the defendants,

who were therein named as Peter Palz, doing business as "Indiana Harbor Cut Stone Company," Peter Palz proprietor, Peter Palz, and Peter Palz and Company. The employer thereafter paid the compensation in accordance with the award.

On May 4, 1927, the Aetna company filed with the Industrial Board its application to be made a party defendant and to vacate the award of July 9, 1926. On June 22, 1927, on a hearing before a single member of the board, the application of the Aetna company to be made a party and to vacate the award was sustained, and an order was made to the effect that the matter should be set for hearing at the convenience of the Industrial Board. No appeal was taken from the order of the single member allowing the Aetna company to be made a party and vacating the award of July 9. On September 7, 1927, another hearing was had before a single member, who, ignoring the order of June 22, vacating the award of July 9, made an order purporting to deny the application of the Aetna company to be made a defendant and to vacate the award of July 9, and the full board, on review and under date of December 23, 1927, after finding the facts as hereinbefore indicated, also denied the said application to vacate the award of July 9.

On January 12, 1928, the Aetna company filed its petition to have the award made by the single member on September 7, and of the full board on December 23, 1927, declared null and void, and to have the matter set for hearing on the original application of the employee for compensation. This last petition was upon the theory that the award of the single member dated June 22, vacating the original award, not having been appealed from, was final and conclusive, and that, as a consequence the only power or authority the board possessed was to proceed to hear the application for compensation. The

full board, under date of January 23, 1928, sustained this contention, and ordered that the award made by the single member on September 7, 1927, and by the full board on December 23, 1927, be vacated and set aside.

Later, a hearing on the original application was had before a single member of the board, who found that Evans, on September 8, 1925, had suffered a compensable injury without any disability in excess of seven days; that, following his injury, he returned to work, and performed work of a lighter character and later, on being changed to heavier work, he became and has been totally disabled since May 17, 1926; that such disability was due to the aggravation and acceleration of the condition created by the injury of September 8, 1925, and the employee was awarded compensation during total disability, not exceeding the period fixed by law.

This last award did not determine which one of the insurance carriers was liable for the compensation; but, on review by the full board, it was found and determined that the Casualty company was the insurance carrier at the time of the injury. From an award dated April 9, 1928, in favor of the employee against the employer Palz and the Casualty company as the insurance carrier, the latter prosecutes this appeal.

Both insurance carriers concede that Evans is entitled to compensation in accordance with the award. The dispute is as to which one is liable. The undisputed evidence shows that Evans received an accidental injury September 8, 1925; that he received no other injury; that, immediately after receiving the injury, he was disabled for a few days, after which he returned to his work; although he continued to suffer pain and was partially disabled as a result of his injury, he continued to work until in May of the next year, when, as a result of his work, his injury was aggravated and accelerated, so that

he was totally disabled for work from May 16, 1926 up to the time of the last hearing.

Appellant concedes that the Industrial Board has the power in case of fraud, duress or mistake, to vacate its approval of a compensation agreement or to set aside or vacate a formal award made by it, upon the application of the employee, employer or the insurance carrier. In this connection, it says such applications should be scrutinized closely, and cautiously granted, and that the Industrial Board should set aside or vacate its order only upon an application seasonably and diligently made, and only where it appears that its order is the result of fraud, mistake, duress, gross irregularity affecting substantial rights and the like, and that the Aetna company, under the facts, failed to act with reasonable promptness, and failed to show any excuse for its delay.

Under the facts as proved by the undisputed evidence and as found by the board, the employee was injured at a time when appellant was the insurance carrier. The act of the single member of the board in finding that the employee suffered a second injury in May, 1926, and entering an award for such an injury, without any notice to the then insurance carrier, was such an irregularity and mistake as to warrant the board, upon seasonable application, to set aside and vacate such award. And we hold that the order of the single member made June 22, 1927, vacating the original award of July 9, 1926, not having been appealed from, was final and conclusive, and that thereafter, it was the duty of the board to hear and determine the matter the same as if no former award had been made. The award from which this appeal is prosecuted is in harmony with both the law and the evidence. See *Aetna Life Ins. Co.* v. *Shiveley* (1918), 75 Ind. App. 620, 121 N. E. 50;

*Frankfort, etc., Ins. Co.* v. *Conduitt* (1920), 74 Ind. App. 584, 127 N. E. 212.

Award affirmed.