**Christopher RASSBACH, Tamara Rassbach, James Augustyn, and Melody Augustyn, Appellants–Plaintiffs,**

v.

**Vincent ALCALA, Appellee–Defendant.**

No. 45A03–0112–CV–405.

Court of Appeals of Indiana.

Sept. 17, 2002.

Patrick A. Schuster, Crown Point, IN, Attorney for Appellant.

Duke T. Escue, State Farm Litigation Counsel, Merrillville, IN, Attorney for Appellee.

## OPINION

VAIDIK, Judge.

### Case Summary

Christopher Rassbach, Tamara Rassbach, James Augustyn, and Melody Augus-

tyn (collectively, the Plaintiffs) appeal the trial court's order dismissing their negligence action against Vincent Alcala for lack of subject matter jurisdiction. Specifically, the Plaintiffs argue that the trial court erred in disregarding an earlier decision made by the Worker's Compensation Board of Indiana (Board). Because we find that a trial court is not empowered to review an award issued by the Board, we reverse.[1]

### Facts and Procedural History

On February 8, 1998, Christopher Rassbach (Rassbach) picked up James Augustyn (Augustyn) on his way to work. Rassbach and Augustyn were employees of Raytheon Engineers & Constructors, Inc., which was performing contracting work.[2] Rassbach's and Augustyn's workday started at 7:00 a.m., but they preferred to get to their workplace about a half hour early every day. At 6:35 a.m., Rassbach and Augustyn were driving on Route 66 Inbound, a private road that runs across Inland Steel property, when they came to the Beemsterboer gate.[3]

In order to reach their workplace, Raytheon employees had to present swipe cards to a guard at the Beemsterboer gate. There was a line of approximately sixty cars waiting to pass through the gate when Rassbach and Augustyn arrived. Rassbach stopped his truck while waiting in line and was promptly rear-ended by Alcala, another Raytheon employee. The collision caused Rassbach's truck to crash into the next vehicle in line driven by Eugene

Klimaszewski. The accident occurred approximately three-quarters of a mile onto Inland Steel property and approximately 60 car lengths or 700 feet before the gate that led to the Raytheon employees' workplace. Following the accident, Alcala, Klimaszewski, Rassbach, and Augustyn were taken to the hospital in an Inland Steel in-house ambulance and an East Chicago ambulance. Inland Steel Security investigated the accident and prepared an Accident Report.

On October 13, 1998, Rassbach and Augustyn filed worker's compensation claims with the Board. On September 23, 1999, a single member of the Board held a worker's compensation hearing on their claim. Raytheon moved that the Board rule as a matter of law that Rassbach's and Augustyn's injuries did not arise out of and in the course of their employment. On October 4, 1999, the single member entered an award based on the following stipulations made between Rassbach and Augustyn and Raytheon at the hearing:

1. That the depositions of Plaintiffs, Jim Augustyn and Christopher Rassbach, taken February 1, 1998, be admitted and made part of the record herein.

2. That the facts in the depositions of the Plaintiffs indicate:

 A. That the Plaintiffs were traveling in a vehicle on February 1, 1998, at 6:35 O'Clock A.M., on a municipal road called Route 66, in East Chicago, Indiana.

---

**1.** Oral argument was held in this case on August 29, 2002.

**2.** There is some question as to what entity hired Raytheon to do contracting work. The trial court found that Raytheon was "a contractor engaged in work at Inland Steel's plant in East Chicago, Indiana." Appellants' App. p. 6. However, the evidence presented to the trial court does not indicate who hired Raytheon. At the hearing for Alcala's Motion

to Dismiss, the Plaintiffs' attorney alleged that Raytheon was hired to perform work by Indiana Harbor Coke Co., not Inland Steel. Tr. p. 12

**3.** At the hearing for Alcala's Motion to Dismiss, the Plaintiffs' attorney alleged that Inland Steel used the road along with Indiana Harbor Coke Co. and the Beemsterboer Co., which disposes of slag on its property located on Route 66. Tr. p. 17.

B. At that time, Plaintiffs were traveling in a vehicle that was owned by Plaintiff, Christopher Rassbach.

C. At that time, Plaintiff, Christopher Rassbach, was receiving no compensation from [Raytheon].

D. At that time, Plaintiff, Christopher Rassbach, was receiving no mileage payment from [Raytheon].

E. At that time, there was a rear-end accident outside of [Raytheon]'s work place by approximately some seven hundred (700) feet.

Appellants' App. p. 11. In the award, the member found that Rassbach's and Augustyn's injuries "did not arise out of and in the course of their employment with Defendant, Raytheon Engineers and Constructors" and dismissed their claim. Appellants' App. p. 11. Review was never sought for this decision.

On January 25, 2000, the Plaintiffs filed negligence claims against Alcala. On June 14, 2001, Alcala filed Defendant's Motion to Dismiss for Lack of Jurisdiction over the Subject Matter. With his motion, Alcala designated as evidence an affidavit from Lawrence Droski, the Inland Steel Security officer who investigated the accident. Droski averred that Route 66 was "on Inland Steel private property. **In other words, the accident in question did NOT occur on a municipal road."** Appellant's App. p. 27. The trial court held a hearing on Alcala's motion on October 9, 2001. On November 5, 2001, the trial court issued its order finding that "this incident occurred as a result of the employees' ingress to their employers' operating premises and gives rise to a workers' compensation claim" and dismissing the Plaintiffs' claim for lack of subject matter jurisdiction. Appellants' App. p. 9. This appeal ensued.

### Discussion and Decision

 The Plaintiffs argue that the trial court in this case had no jurisdiction to review the Board's decision or to determine that Rassbach's and Augustyn's injuries arose out of and in the course of their employment. In response, Alcala asserts that the Board's decision should not apply to him because he was never a party to the original action in front of the Board.[4] Recovery for personal injury or death by accident arising out of and in the course of employment can be sought exclusively under the Worker's Compensation Act (the Act), and such actions are cognizable only by the Worker's Compensation Board. *Perry v. Stitzer Buick GMC, Inc.*, 637 N.E.2d 1282, 1285 (Ind.1994) (citing *Evans v. Yankeetown Dock Corp.*, 491 N.E.2d 969 (Ind.1986), *reh'g denied*), *reh'g denied;* Ind.Code § 22–3–2–6. The legislature intended the Board's jurisdiction in such cases to be original and exclusive, and resort may not be had to the courts until the administrative process has been completely exhausted. *Perry*, 637 N.E.2d at 1285. Claims that do not meet any one of the jurisdictional prerequisites do not fall within the Act and may be pursued in court. *Id.*

 The Act also extends the immunity provided by the exclusivity provision to those "in the same employ" as the injured

---

4. We note that the Plaintiffs also argue that the trial court's order violated Article I, Section 12 of the Indiana Constitution. In addition, Alcala asserts that the trial court's ruling was correct because Rassbach's and Augustyn's injuries occurred on their employer's property and therefore arose out of and in the course of their employment. However, because we find the jurisdictional issue to be dispositive, we do not address these other arguments. We emphasize that we are not evaluating the merits of the Board's decision or the trial court's legal reasoning regarding whether the accident arose arise out of and in the course of Rassbach's and Augustyn's employment.

employee when the injury occurred. *Tippmann v. Hensler*, 716 N.E.2d 372, 375 (Ind.1999); I.C. § 22–3–2–13. Thus, a suit against a co-employee can proceed to trial only under one of two circumstances:

First, if the plaintiff can show that the Act does not apply to that particular litigation, then the trial court, and not the Worker's Compensation Board, has jurisdiction. The plaintiff accomplishes this by showing that the injury was not "by accident," that it did not "arise out of his employment," or that it did not "occur in the course of his employment." Second, even if the Act applies, its exclusive remedy provision will not bar a common law suit against an employee who was not "in the same employ" as the plaintiff when the injury occurred.

*Tippmann*, 716 N.E.2d at 375 (citations omitted).

■ In this case, Rassbach and Augustyn originally filed their claims with the Board. After a hearing was held, the Board issued its award dismissing their claims after finding that Rassbach's and Augustyn's injuries did not arise out of and in the course of their employment. "The denial of benefits is an 'award,' sometimes styled a 'negative award....'" *Cox v. Worker's Compensation Bd.*, 675 N.E.2d 1053, 1056 (Ind.1996). Neither Rassbach and Augustyn nor Raytheon sought to appeal the award. Where neither party takes any step to have an award set aside or superseded and no appeal is taken, the award becomes a full and final determination of the employee's condition at the time it is made and of the employer's liability to pay compensation to him. *State v. Puckett*, 531 N.E.2d 518, 522 (Ind.Ct.App.1988). This finality is subject only to the right of either party within the time allowed by law to seek a modification thereof on account of a change in the employee's condition. *Id.* After the Board denied compensation,

the Plaintiffs filed their negligence claim against Alcala. In return, Alcala filed a Motion to Dismiss for Lack of Jurisdiction over the Subject Matter, which the trial court granted after concluding that "subject matter jurisdiction lies with Indiana Worker's Compensation Board" because Rassbach's and Augustyn's injuries did arise out of and in the course of their employment. Appellants' App. p. 9.

■ The Plaintiffs argue that this Court should conclude that the trial court had no jurisdiction to review the Board's decision. For guidance, we turn to Indiana Code § 22–3–4–9. Under Indiana Code § 22–3–4–9(a), any party in interest may enforce "orders," "decisions," or "awards" of the Board. *Cox*, 675 N.E.2d at 1056. Indiana Code § 22–3–4–9(a) provides:

Upon order of the worker's compensation board made after five (5) days notice is given to the opposite party, any party in interest may file in the circuit or superior court of the county in which the injury occurred a certified copy of the memorandum of agreement approved by the board, or of an order or decision of the board, or of an award of the full board unappealed from, or of an award of the full board affirmed upon an appeal, whereupon said court shall render judgment in accordance therewith and notify the parties. Such judgment shall have the same effect and all proceedings in relation thereto shall thereafter be the same as though said judgment had been rendered in a suit duly heard and determined by said court.

When the trial court receives such an application, the court is authorized merely to enter the award or order of the Board as its own judgment. *Cox*, 675 N.E.2d at 1056 (citing *Kuhr v. Willan*, 90 Ind.App. 567, 570, 169 N.E. 475, 476–77 (1930)). The trial court has no jurisdiction to review the decision of the Board or deter-

mine whether the decision is correct. *Id.* at 1056 (citing *Grasselli Chem. Co. v. Simon,* 201 Ind. 41, 52, 166 N.E. 2, 6 (1929)).

■ While neither Raytheon nor Rassbach and Augustyn filed a certified copy of the award with a trial court in order for the award to be entered as that court's own judgment, the Plaintiffs did provide the trial court in this case with copies of Rassbach's and Augustyn's Application for Adjustment of Claim with the Board as well as a copy of the Board's decision denying compensation. Appellants' App. p. 56–60. Nevertheless, the trial court found that it was not bound by the Board's award "since Alcala was not a party to the action before the Board and there could be no adjudication on the merits with respect to him on the plaintiffs' claims." Appellants' App. p. 8. Alcala correctly asserts that the doctrines of res judicata and collateral estoppel are not available to assail the trial court's judgment because Alcala has not had an opportunity to litigate this issue. *Sullivan v. Am. Cas. Co.,* 605 N.E.2d 134, 137–38 (Ind.1992). However, as in the situation of a certified copy of an award filed with a court pursuant to Indiana Code § 22–3–4–9(a), we find that the trial court in this case did not have the jurisdiction to review the decision of the Board or to disregard it. To hold otherwise would be to disregard the authority that has been granted to the Board under the Act and to weaken the underpinnings of the worker's compensation system.

■ The Act initially developed because of the obstacles and delays that hindered the working person's ability to recover against an employer for industrial related accidents. *Ross v. Schubert,* 180 Ind.App. 402, 406, 388 N.E.2d 623, 627 (1979), *trans. denied.* With the enactment of the worker's compensation system, "workers who were previously precluded from recovery under common law theories are [now] guaranteed compensation." *Spangler, Jennings & Dougherty P.C. v. Ind. Ins. Co.,* 729 N.E.2d 117, 120 (Ind. 2000) (quoting *Walker v. State,* 694 N.E.2d 258, 268 (Ind.1998)). Under the Act,

[e]mployers must "provide limited compensation to workers whose injuries arise out of and in the course of [their] employment, regardless of fault." "In return for the employer's payment of benefits, the employer is given immunity from civil litigation with his employee." "The scheme is … social legislation designed to aid workers and their dependents and 'shift the economic burden for employment related injuries from the employee to the employer and consumers of its products [and services].' "

*Id.* at 120 (citations omitted).

■ Thus, worker's compensation was designed as a quid pro quo exchange between the employee and the employer. The employer assumed the cost of paying regular and relatively quantifiable amounts under the worker's compensation system in exchange for obviating the threat of large and unexpected awards. *Wine–Settergren v. Lamey,* 716 N.E.2d 381, 388 (Ind.1999). In return, the employee gave up his right to pursue a common law remedy for injuries sustained in work-place accidents in exchange for a certain, although possibly smaller, remedy without litigation. *Id.* (citing *Evans,* 491 N.E.2d at 971); 1 Arthur Larson, *Workmen's Compensation Law* § 1.03 (2002). It has also been argued that "one of the things [the employee] is entitled to expect in return for what he has given up is freedom from common-law suits based on industrial accidents in which he is at fault." *Wine–Settergren,* 716 N.E.2d at 388; 6 Larson, *supra,* § 111.03[2]. However, the benefit of immunity is only conferred to an employee after the initial determination is made that a co-employee's injuries are from an accident

that arose out of and in the course of his employment. *See Tippmann*, 716 N.E.2d at 375. The immediate purpose and effect of the Workmen's Compensation Act was to control and regulate relations between an employer and his employees. *Ross*, 388 N.E.2d at 627. In this case, the Act's primary purpose was met when the Board determined that it did not need to regulate compensation of Rassbach's and Augustyn's injuries because the injuries did not arise out of and in the course of their employment with Raytheon and did not fall under the Act.

■ By granting Alcala's motion and finding that Rassbach's and Augustyn's injuries did arise out of and in the course of their employment after the Board had already decided that issue, the trial court improperly invaded the exclusive province of the Board. The Act provides for the opportunity to seek review and appeal of a decision made by the Board. I.C. §§ 22–3–4–7 to –8. In addition, the Board also "has the power on the application of any interested party to vacate its own order on application, seasonably and diligently made, where it appears that any such order is a result of fraud, duress, mistake, or gross irregularity affecting substantial rights." *Armes v. Pierce Governor Co.*, 121 Ind.App. 566, 573, 101 N.E.2d 199, 203

(1951).[5] However, the Act does not provide for review by the trial court.

In finding that subject matter jurisdiction lies with the Board, the trial court disregarded the Board's negative award that denied benefits because Rassbach's and Augustyn's injuries did not arise out of and in the course of their employment. While the doctrines of res judicata and collateral estoppel would not apply to Alcala in this case, the trial court does not have the authority to reverse or review a decision of the Board. Therefore, we conclude that the trial court erred in disregarding the Board's negative award and dismissing the Plaintiffs' claim for lack of subject matter jurisdiction.

Judgment reversed.

RILEY, J., and MATTINGLY–MAY, J., concur.

■

---

**5.** Arguably, Alcala could apply with the Board to vacate the negative award if it is found that Alcala falls under the definition of interested party. Typically this option has only applied to the employer or the injured employee. However, we have ruled that the Board can vacate its order "on the application of any interested party, including an insurance carrier." *Aetna Life Ins. Co. v. Shiveley*, Ind.App. 620, 121 N.E. 50, 54 (1918). The insurance carrier in *Shiveley* was "a proper party, where its interests are likely to be affected by reason of its obligation under its policy. Moreover, in view of its primary and direct liability, [it seems] apparent that where an insurance carrier, for sufficient cause shown, seasonably petitions to be admitted as a party to any such proceeding, the plainest principles of justice demand that it be admitted and heard." *Id.* at 53; *see also Gayheart v. Newnam Foundry Co., Inc.*, 271 Ind. 422, 393 N.E.2d 163, 166 (1979); *Builders' & Mfrs.' Mut. Cas. Co. v. Evans*, 88 Ind.App. 170, 163 N.E. 529, 531 (1928) ("Board has the power, in case of fraud, duress, or mistake, to vacate its approval of a compensation agreement or to set aside or vacate a formal award made by it, upon the application of the employé, employer, or the insurance carrier.").