Jose **REYNOSA**, Appellant–Plaintiff,

v.

**PEDCOR CONSTRUCTION CORP.,** **Signature Corporation of Indiana, and** **J.A. Bonilla, Inc., Appellees–Defendants.**

No. 49A02–1004–CT–434.

Court of Appeals of Indiana.

Dec. 15, 2010.

John F. Townsend, III, Townsend & Townsend, Indianapolis, IN, Attorney for Appellant.

David M. Mattingly, Julianna M. Plawecki, Ice Miller LLP, Indianapolis, IN, Attorneys for Appellees, PEDCOR Construction Corp and Signature Construction, LLC.

Linda Turner Jelks, Hansen Law Firm, LLC, Noblesville, IN, Attorney for Appellee, J.A. Bonilla, Inc.

## OPINION

RILEY, Judge.

### STATEMENT OF THE CASE

Plaintiff–Appellant, Jose Reynosa (Reynosa), appeals the trial court's determination in favor of Defendants–Appellees, Pedcor Construction Corp. (Pedcor), Signature Construction, LLC (Signature), and J.A. Bonilla, Inc. (Bonilla).

We affirm.

### ISSUES

Reynosa raises two issues for our review, which we restate as:

(1) Whether the trial court erroneously contravened the Indiana Worker's Compensation Board's determination; and

(2) Whether the trial court erroneously determined that Reynosa's tort claims were barred by Tennessee law.

### FACTS AND PROCEDURAL HISTORY

On February 17, 2007, Reynosa, an Indiana resident, fell while performing roofing work on an apartment complex under construction in Tennessee. He suffered significant injuries in the fall.

Pedcor was the general contractor on the project, and Signature was an affiliated Pedcor entity assisting in the construction. Both Pedcor and Signature are Indiana corporations operating out of offices located in Carmel, Indiana. As a general contractor, Pedcor entered into a sub-contract with Bonilla to perform the framing of the apartment complex construction. Bonilla created a sub-contract with JCR Construction, Inc. (JCR), Reynosa's employer, to supply labor for the framing work. Bonilla and JCR are unrelated Indiana companies.

As an Indiana resident, Reynosa elected to file a worker's compensation claim against JCR in Indiana. Reynosa and JCR entered into an "Amended Compromise Agreement And Petition For Approval Thereof Pursuant To I.C. [§ ] 22–3–2–15" that defined the parameters of JCR's worker's compensation payments to Reynosa.[1] A single hearing member of the

---

1. Ind.Code § 22–3–2–15 governs voluntary settlement agreements between injured work-

Indiana Worker's Compensation Board (the Board) approved the settlement agreement.

On October 15, 2007, Reynosa filed a complaint against Pedcor, Signature, and Bonilla, in which he claimed damages due to their alleged negligence. On November 23, 2009, Bonilla filed a "Motion for Determination of Choice of Law and Motion to Dismiss," to which Pedcor and Signature subsequently joined. After a hearing on the motion, the trial court issued its "Order On Defendants' Motion To Dismiss," in which it concluded that because Reynosa had the right to seek compensation from Pedcor, Signature, and Bonilla under the Tennessee worker's compensation statute, "the exclusive remedy provision of that statute applies, and [Reynosa] is barred from pursuing tort claims against the Defendants under Tennessee law, regardless of whether [Reynosa] filed those claims in Tennessee or in another forum." (Appellant's App. p. 11). The trial court granted Bonilla's motion, along with Pedcor and Signature's joinder in the motion, and dismissed the complaint with prejudice.

Reynosa now appeals. Additional facts will be provided as necessary.

### DISCUSSION AND DECISION

#### I. *Standard of Review*

As noted by the trial court, the consideration of facts outside the pleadings technically converted Bonilla's motion to dismiss into a motion for summary judgment; however, the distinction is "academic" because the parties stipulated to the material facts. (Appellant's App. p. 10 n. 1) (quoting *Liberty Landowners Association v. Porter County Commissioners*, 913 N.E.2d 1245, 1249 n. 1 (Ind.Ct.App.2009), *trans. denied*). Reynosa acknowledges that he "is not claiming any issues of material fact

ers and their employers.

exist but instead that the [t]rial [c]ourt improperly applied the law." (Appellant's Br. p. 8). Thus, the only issue before us is whether Pedcor, Signature, and Bonilla are entitled to judgment as a matter of law. *See Pike Township Educational Foundation, Inc. v. Rubenstein*, 831 N.E.2d 1239, 1241 (Ind.Ct.App.2005).

#### II. *The Board's Approval of the Settlement*

■ Reynosa contends that the trial court may not review the Board's exercise of jurisdiction in approving the settlement. Reynosa cites *Rassbach v. Alcala*, 775 N.E.2d 353, 356 (Ind.Ct.App.2002) in support of his contention.

In *Rassbach*, the Board determined that the plaintiffs' accident and injuries did not occur in the course of their employment and, therefore, were not compensable under the Indiana Worker's Compensation Act. *Id.* at 357. The plaintiffs then filed a negligence action against their co-worker, who argued that the Board had exclusive jurisdiction because the accident and injuries actually did occur in the course of employment. *Id.* The trial court agreed with the co-worker and dismissed the plaintiffs' claim on the basis that it was barred under the Act's exclusivity provision. *Id.* On appeal, we held that the trial court "improperly invaded the exclusive province of the Board" when it contradicted the Board's previous finding that the accident did not occur in the course of the plaintiffs' employment. *Id.* at 359.

Here, the agreement provided, in pertinent part, that Reynosa and JCR "agree that this dispute, this cause of action and all claims or potential claims related to [Reynosa's] injury, except for tort claims against third parties, . . . . shall be settled as set forth under the agreement, subject

to the Board's approval." (Appellant's App. p. 169). The agreement further provided that the parties "expressly do not intend to release any potential third party tortfeasors through this agreement." (Appellant's App. p. 171). The agreement does not establish that Reynosa has any claims against a third party; it merely states that if such claims are available against a third party, they are not settled or released by the agreement. In short, the Board made no finding that could be contradicted, and the trial court did not invade the Board's exclusive province.

## II. The Application of Tennessee Law

■ Reynosa contends that the trial court erred in its interpretation of Tennessee law. The trial court concluded that Tennessee law governs the tort claims asserted in the case because there are differences between the laws of Indiana and Tennessee that are important enough to affect the outcome of the litigation, and Reynosa's injury, "which was the last event necessary to make Defendants' liable for the claims asserted, occurred in Tennessee; and this is not one of the rare cases where the place of the tort is insignificant." (Appellant's App. p. 10) (citing *Simon v. United States*, 805 N.E.2d 798 (Ind.2004); *Hubbard Manufacturing Co. v. Greeson*, 515 N.E.2d 1071, 1073 (Ind. 1987), *superseded in part by statute as*

stated in *Mesman v. Crane Pro Services, a Division of Konecranes, Inc.*, 409 F.3d 846, 850 (7th Cir.2005)). The parties agree that Tennessee law applies to Reynosa's tort claims.

■ Reynosa seeks to restrict the application of Tennessee law to its common law, thus avoiding the exclusive remedy provision of Tennessee's Worker's Compensation Law. Under the Tennessee's Worker's Compensation Law, principals and/or immediate contractors on a job site, such as the Appellees in the present case, are statutory employers liable for worker's compensation benefits. *See Mouser v. Buckhead Construction Co.*, 2006 WL 1763679, at *2 (Tenn.Ct.App. June 28, 2006) (applying Tenn.Code Ann. §§ 50–6–108(a)[2] and 50–6–113(a) and (d)[3]). Because a principal or intermediate contractor is a "statutory employer" from whom the employee may collect worker's compensation, the exclusive remedy provision applies and the principal or intermediate contractors are shielded from tort liability.[4] *Id.* at *4.

Reynosa contends that Tennessee's exclusive remedy provision is not part of the substantive law applicable to his claim. He reasons that his election to seek worker's compensation in Indiana negates any limitations placed upon Tennessee tort law by the Tennessee worker's compensation

**2.** Tenn.Code Ann. § 50–6–108 provides that the rights and remedies granted to an employee subject to the Workers' Compensation Law on account of personal injury or death by accident, "shall exclude all other rights and remedies of such employee … at common law or otherwise, on account of such injury or death."

**3.** Tenn.Code Ann. § 50–6–113(a) provides that a "principal or intermediate contractor, or subcontractor shall be liable for compensation to any employee injured while in the employ of any of the subcontractors of the principal, intermediate contractor, or subcontractor and engaged upon the subject matter

of the contract to the same extent as the immediate employer." Tenn.Code Ann. § 50–6–113(d) provides that the section "applies only in cases where the injury occurred on, in, or about the premises on which the principal contractor has undertaken to execute work or that are otherwise under the principal contractor's control or management."

**4.** Pursuant to Tennessee Supreme Court Rule 4(G), an unpublished opinion that has not been designated "not for citation" is considered persuasive authority. *Mouser* was not designated "not for citation."

statutes. He cites *Bellamy v. Federal Express Corporation,* 749 S.W.2d 31, 34–35 (Tenn.1988) in support of his contention, arguing that *Bellamy* recognizes a cause of action against the prime contractors where the Tennessee worker's compensation statute is not implicated.[5]

In *Bellamy,* the plaintiff, a consulting engineering firm's employee, brought an action against the premise's owner and the general contractor for personal injuries sustained when he fell from a platform at the construction site. *Id.* at 32. The trial court granted summary judgment for the defendants on the ground of contributory negligence by Bellamy. *Id.* The Tennessee court of appeals, however, held as a matter of law that the defenses of contributory negligence and assumption of risk were not available, as the complaint alleged violations of federal and state occupational safety and health statutes. *Id.* The supreme court reversed the court of appeals, and in doing so, it stated:

> Until the case reached this Court, no question was raised as to the coverage of the federal and state statutes with respect to either of the defendants-appellants; and this matter does not appear to have been addressed in the summary judgment proceedings conducted in the trial court. We, therefore, deem it inappropriate for us to attempt to address the issue on the present record. The federal and state statutes are designed primarily to deal with the relationships between employers and employees. The extent to which landowners or general contractors are covered may become a pertinent issue in this case. *Until this point, however, it has not been asserted by either of the appellants that the exclusive remedy provisions of the worker's compensation statutes,* T.C.A. § 50–6–108, *bar this action.* Nor, as stated, has any issue been developed as to the scope and coverage of the statutory provisions above referred to or as their applicability to one or both of the appellants.

*Id.* at 32–33. (Emphasis added).

Reynosa overstates the importance of *Bellamy* in the present case, as the *Bellamy* court expressly stated that the application of the exclusive remedy provision of the Worker's Compensation Law had not been raised by the parties or considered by the Tennessee supreme court in rendering its decision. The case does not give credence to Reynosa's claim.

Reynosa also cites *Eadie v. Complete Co.,* 142 S.W.3d 288 (Tenn.2004) and related cases for the proposition that the Tennessee choice of law and election of remedies doctrines prohibit the application of the Tennessee Worker's Compensation Law where a foreign worker is covered by the worker's compensation laws of another state. Reynosa again overstates the holding of Tennessee case law. *Eadie* and like cases stand for the proposition that an injured party may not recover benefits from Tennessee after recovering benefits from another state, not for the proposition that an election to obtain worker's compensation benefits in another state removes the application of the exclusive remedy provision to Tennessee's tort law. Indeed, the cases do not address the application of the exclusive remedy provision to Tennessee's general tort law.

---

5. Reynosa also cites *Wren v. Sullivan Electric, Inc.,* 797 F.2d 323, 326–28 (6th Cir.1986) and *Teal v. E.I. DuPont de Nemours & Co.,* 728 F.2d 799, 805 (6th Cir.1984) in support of his contention. Neither case involves defendants who were principal or intermediate contractors subject to potential liability under the Worker's Compensation Law. Therefore, the exclusive remedy protections of that law did not apply.

The crux of this case is that the Tennessee's exclusive remedy provision was triggered when Reynosa was injured while working on the Tennessee construction site. *See Clawson v. Burrow,* 250 S.W.3d 59, 62 (Tenn.Ct.App.2007). "If such an injury occurs, the employee must accept the remedies of the Worker's Compensation Law, and those remedies exclude all of the employee's other rights and remedies." *Id.* (footnotes omitted). As a practical matter, Tennessee's statutory exclusive remedy provision in the Worker's Compensation Law is a part of Tennessee's general tort law. There is no basis for Reynosa's claim that his election to seek worker's compensation in another state for injuries that occurred in the course and scope of employment in Tennessee erases the limitation placed on Tennessee's tort law by the exclusive remedy provision of Tennessee's Worker's Compensation Law.

## CONCLUSION

The trial court did not err in concluding that Reynosa is barred by Tennessee law from pursuing tort claims against the Appellees.

Affirmed.

KIRSCH, J., and BAILEY, J., concur.