ATTORNEY FOR APPELLANT
Patricia Caress McMath
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE
Gregory F. Zoeller
Attorney General of Indiana

Ryan D. Johanningsmeier
Deputy Attorney General
Indianapolis, Indiana

_____

# In the
# Indiana Supreme Court



FILED
Jan 18 2012, 10:58 am

CLERK
of the supreme court,
court of appeals and
tax court

_____

No. 49S02-1201-JV-26

A.T.,

*Appellant (Respondent below)*,

v.

STATE OF INDIANA,

*Appellee (Petitioner below)*.

_____

Appeal from the Marion Superior Court, No. 49D09-1004-JD-1002
The Honorable Gary Chavers, Judge Pro Tempore

_____

On Petition to Transfer from the Indiana Court of Appeals, No. 49A02-1012-JV-1394

_____

**January 18, 2012**


**Per Curiam.**

A.T. was adjudicated delinquent for an act that would be felony murder if committed by an adult, and the juvenile court ordered both a determinate and an indeterminate commitment to the Department of Correction. A.T. appealed his determinate commitment only, and the Court of Appeals affirmed. A.T. v. State, 953 N.E.2d 490 (Ind. Ct. App. 2011).

A.T.'s determinate commitment was imposed pursuant to Indiana Code section 31-37-19-9(b) ("section 9"), which we recently explained is "a determinate commitment statute that is applicable to juvenile offenders who are sex or violent offenders and who fit certain other criteria." D.C. v. State, 958 N.E.2d 757, 761 (Ind. 2011). Section 9 provides that "[a]fter a juvenile court makes a determination under IC 11-8-8-5," a determinate commitment may be imposed for juveniles of certain ages who commit certain offenses. Section 11-8-8-5, in turn, involves sex and violent offender registrations. It is undisputed in this case that A.T.'s age and his delinquent act meet the criteria of section 9, but it also is undisputed that A.T. has not been determined to be a sex or violent offender under section 11-8-8-5.

The Court of Appeals, following its decision in B.K.C. v. State, 781 N.E.2d 1157 (Ind. Ct. App. 2003), *trans. not sought*, interpreted section 9 in a manner that chose to ignore the introductory phrase "[a]fter a juvenile court makes a determination under IC 11-8-8-5," which the Court of Appeals opined was necessary "to give effect to the apparent intent of the legislature and to avoid a construction that would be an absurdity." A.T., 953 N.E.2d at 494 (quoting B.K.C., 781 N.E.2d at 1167).

We recently addressed a similar issue in D.C. There, while acknowledging that the applicable statutes, as written, seemed antithetical to the purpose of the statutes, we emphasized that we were bound by the clear and unambiguous statutory language. D.C., 958 N.E.2d at 764 ("We leave it to the legislature to change the statutes, if it deems necessary.")

Although D.C. involved a determinate commitment imposed under a different section, the same rationale applies here. A determinate commitment may be imposed under section 9 only "[a]fter a juvenile court makes a determination under IC 11-8-8-5[.]" This language is plain and

unambiguous.  Because A.T. does not meet the criteria of section 9, a determinate commitment under that section may not be imposed.

Transfer having been granted by separate order, we reverse the trial court's dispositional order and remand to the trial court with instructions to vacate that portion of its order committing A.T. to the Department of Correction until his eighteenth birthday.

All Justices concur.