

FILED

Jan 22 2020, 7:10 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Zachary J. Stock
Zachary J. Stock, Attorney at Law, P.C.
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Tiffany A. McCoy
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| **F.H.,** *Appellant-Respondent,* <br><br> v. <br><br> **State of Indiana,** *Appellee-Petitioner.* | January 22, 2020 <br><br> Court of Appeals Case No. 19A-JV-1716 <br><br> Appeal from the Hendricks Superior Court <br><br> The Honorable Karen M. Love, Judge <br><br> Trial Court Cause Nos. 32D03-1806-JD-129 32D03-1809-JD-187 32D03-1905-JD-82 |

**Bailey, Judge.**

# Case Summary

[1] F.H. appeals a dispositional order entered upon his admission that he is a delinquent child for having possessed a firearm. He raises a single issue, whether the juvenile court abused its discretion by imposing a fixed term in the Indiana Department of Correction ("the DOC") absent statutory grounds. We remand for correction of the dispositional order.

# Facts and Procedural History

[2] On May 15, 2018, the State alleged that F.H., then aged fourteen, was delinquent for having committed an act that would be auto theft, a Level 6 felony, if committed by an adult. F.H. was released into his father's custody, subject to electronic monitoring. On June 25, 2018, the State filed a delinquency petition alleging that F.H. had committed an act that would be attempted armed robbery, a Level 3 felony, if committed by an adult. In juvenile proceedings conducted on July 24 and August 28, 2018, F.H. admitted the truth of the State's allegations. On September 27, 2018, the juvenile court ordered wardship of F.H. to the DOC but suspended that commitment.

[3] F.H. was placed at the Wernle Residential Treatment Center, with a probationary term of ten months. However, F.H. was discharged early, and placed in his mother's custody, so that he could undergo knee surgery. On May 22, 2019, the State filed a third delinquency petition, alleging that F.H. had committed dangerous possession of a firearm, an act that would be a Level 5

felony if committed by an adult. On June 4, 2019, F.H. admitted he had committed the alleged act. On July 2, 2019, the juvenile court entered a written dispositional order committing F.H. to the DOC "until his 18th birthday." Appealed Order at 8. F.H. now appeals.

# Discussion and Decision

[4]     The juvenile court has discretion to choose the specific disposition of a juvenile adjudicated a delinquent "subject to the statutory considerations of the welfare of the child, the community's safety, and the Indiana Code's policy of favoring the least harsh disposition." *C.T.S. v. State*, 781 N.E.2d 1193, 1202 (Ind. Ct. App. 2003). We will not reverse a juvenile court's disposition unless the juvenile court abuses its discretion. *Id.* The juvenile court abuses its discretion if its action is "clearly erroneous and against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom." *D.B. v. State*, 842 N.E.2d 399, 404-05 (Ind. Ct. App. 2006). F.H. does not challenge the juvenile court's decision to place him in the DOC. He appeals his determinate commitment only.

[5]     A juvenile is not subject to a determinate term in the DOC absent a specific determination by the juvenile court that statutory criteria have been satisfied.[1]

---

[1] For example, Indiana Code Section 31-37-19-9 provides that a child at least thirteen years of age and less than sixteen years of age, who committed an act that would be murder, kidnapping, rape, criminal deviate conduct, or robbery (while armed with a deadly weapon or resulting in bodily injury), if committed by an

*A.T. v. State*, 960 N.E.2d 117, 118 (Ind. 2012). Here, no such determination was made, and the factual record would not support such a determination. The juvenile court abused its discretion by subjecting F.H. to a determinate commitment in the DOC.

# Conclusion

We remand with instructions to the juvenile court to vacate the portion of its order committing F.H. to the DOC until his eighteenth birthday.

Kirsch, J., and Mathias, J., concur.

---

adult, may be ordered into the wardship of the DOC for a fixed period not longer than the date on which the child becomes eighteen years of age.

Indiana Code Section 31-37-19-10 provides that a court may place a child in the DOC for a fixed term of not more than two years if the following criteria are met: (1) the delinquent child committed an act that would be (if committed by an adult) a felony against a person, a Level 1, 2, 3, or 4 controlled substance offense under IC 35-48-4-1 through IC 35-48-4-5, or burglary as a Level 1, 2, 3, or 4 felony under IC 35-43-2-1; (2) the child is at least fourteen years of age; and (3) the child has two unrelated prior adjudications of delinquency for acts that would be felonies if committed by an adult.